UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA SNIDER, #126476,

    Plaintiff,

v.                                                                          CASE NO. 2:22-CV-13011
                                                                                HON. GEORGE CARAM STEEH

SMALLINSKIE,

    Defendant.
_____/

**OPINION AND ORDER OF DISMISSAL**

**I.    Introduction**

Joshua Snider ("Snider") filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against an employee at the Washtenaw County Jail, along with a defective application to proceed without prepayment of the filing fee. Snider was confined at the Washtenaw County Jail when he signed the complaint and the application in December, 2022. ECF Nos. 1, 2. The Court issued an Order to Correct Deficiency and a Notice Regarding Parties' Responsibility to Notify Court of Address Changes on December 14 and December 19, 2022. ECF Nos. 3, 4. The Court's mailings, however, were both returned as undeliverable. ECF Nos. 5, 6.

Plaintiff has not contacted the Court nor provided updated contact information since he instituted this action, and the Court has no known address for him.

## II.     Discussion

Rule 11.2 of the Local Rules of the Eastern District of Michigan authorizes the Court to dismiss a case based upon a party's failure to keep the court apprised of address changes and updated contact information. The rule states:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case.  If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information.  The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. L.R. 11.2.  Pro se litigants have the same obligation as an attorney to notify the court of a change of address.  Carey v. King, 856 F.2d 1439, 1441 (9th Cir.1988).  "'[Petitioner] has the duty to inform the court of any address changes,' and it is not incumbent upon this Court or its staff to keep track of Petitioner's current address." Thompkins v. Metrish, No. 2:07-CV-12; 2009 WL 2595604, *1 n. 1 (W.D. Mich. Aug. 20,

2009) (quoting Kelly v. Wal-Mart, Inc., No. 7:07-CV-0089; 2007 WL 2847068, *1 (N.D. N.Y. Sept. 26, 2007)).

Additionally, Federal Rule of Civil Procedure 41(b) authorizes a federal court to dismiss a case based upon the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . .," Fed. R. Civ. P. 41(b), and Rule 41.2 of the Local Rules of the Eastern District of Michigan authorizes the Court to dismiss a case "when it appears that . . . the parties have taken no action for a reasonable time." E.D. Mich. L.R. 41.2. The Court may thus dismiss a civil action for failure to prosecute pursuant to those rules. See Mulbah v. Detroit Bd. of Ed., 261 F.3d 586, 589 (6th Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1962)).

As noted, since the filing of this case, the Court's Orders and Notices issued to Snider were returned as undeliverable. He has a duty to provide the Court with his current address or risk dismissal of his case. Watsy v. Richards, No. 86-1856, 1987 WL 37151 (6th Cir. April 20, 1987). Snider has likely been released from the Washtenaw County Jail or transferred to another facility, but has not provided the Court with updated contact information. He has thus failed to comply with Local Rule 11.2 and the Court's Notice. The Court will therefore dismiss this case without prejudice

for want of prosecution. See, e.g., White v. City of Grand Rapids, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming dismissal of complaint for want of prosecution based upon failure to provide current address); Harkleroad v. Astrue, No. 4:03-CV-15, 2011 WL 3627161, *3 (N.D. Ohio Aug. 17, 2011) ("Indeed, dismissal for failure to prosecute may be appropriate when a pro se plaintiff fails to keep the court apprised of her current address."); Brown v. White, No. 2:09-CV-12902, 2010 WL 1780954, *1 (E.D. Mich. Apr. 30, 2010) (dismissing habeas case for failure to provide current contact information and failure to exhaust state court remedies).

### III. Conclusion

Based upon the foregoing discussion, the Court concludes that Snder has failed to comply with the Court's rules and orders and has not updated his contact information. Accordingly, the Court dismisses without prejudice the civil rights complaint for want of prosecution. The Court also concludes that an appeal cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962). This case is closed.

**IT IS SO ORDERED**.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: January 19, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 19, 2023, by electronic and/or ordinary mail and also on Joshua Snider #126476, Washtenaw County Jail, 2201 Hogback Rd., Ann Arbor, MI 48105.

s/Michael Lang
Deputy Clerk